1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| LONNEY SENNETT, individually and on behalf of all other similar situated, | ) 1:12-cv-00661 LJO GSA ) |
| | ) **ORDER TO SHOW CAUSE** |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JET PLASTICA INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

17
18      Plaintiff filed a class action complaint on April 18, 2012, for unpaid wages and benefits.

19   (Doc. 1.)  The following day, the Court issued a summons and new case documents.  (Docs. 3 &

20   4.)  An Initial Scheduling Conference was set for July 24, 2012, at 9:30 a.m. before the

21   undersigned.  (Docs. 4 & 5.)

22      On July 18, 2012, the Court, by signed minute order, continued the Initial Scheduling

23   Conference to September 6, 2012, at 10:00 a.m. in Courtroom 10.  (*See* Doc. 6.)

24      On September 6, 2012, the Court called the matter as previously calendared.  No

25   appearance was made by any party, but in particular, no appearance was made on behalf of

26   Plaintiff Lonney Sennett.  Further, the Court notes that it appears Plaintiff has also failed to effect

27
28                                                      1

service upon Defendant as required by Rule 4 of the Federal Rules of Civil Procedure, and also failed to file a scheduling report one week prior to the date of the scheduling conference, as previously ordered.

**DISCUSSION**

*Service of Process*

Plaintiff has filed no documents to show proof of service of the summons and complaint on named Defendant Jet Plastica Industries, Inc. to establish he has complied with Rule 4(*l*) and (m) of the Federal Rules of Civil Procedure, nor has Jet Plastica Industries, Inc. entered an appearance in this action.  (*See* Doc. 4 at 1-2.)

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

As of today's date, 141 days have elapsed since Plaintiff filed his complaint in this matter.  Thus, this Court will order Plaintiff to show cause in writing why he has failed to: (1) file documents to show proof of service of the summons and complaint on the aforementioned Defendant to comply with Rule 4(*l*) of the Federal Rules of Civil Procedure; and (2) accomplish service of the summons and complaint on the aforementioned Defendant within 120 days of filing the complaint to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

*Scheduling Conference*

Additionally, Plaintiff neither filed a scheduling report as previously ordered nor did he appear  at the initial scheduling conference despite such appearance being mandatory.  (*See* Doc. 4.)

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

2

1  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

2  control their dockets and "in the exercise of that power, they may impose sanctions including,

3  where appropriate . . . dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th

4  Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

5  an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ghazali v.*

6  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

7  *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

8  order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

9  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

10  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

11  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

12  1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).  In

13  determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or

14  failure to comply with local rules, the court must consider several factors: (1) the public's interest

15  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

16  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

17  and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779

18  F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

19  ## CONCLUSION AND ORDER

20  In light of the foregoing, Plaintiff is **ORDERED** to file a written response on or before

21  **September 26, 2012**, to show cause, if any:

22  (1) why this action should not be dismissed for his failure to follow Court orders

23  regarding the initial scheduling conference; and

24  (2) why this action should not be dismissed for his failure to file documents

25  showing he has accomplished service of the summons and complaint, in accord with Rule

26  4 of the Federal Rules of Civil Procedure.

27

28

1    **Plaintiff is admonished that this Court will recommend dismissal of this action if**

2   **Plaintiff fails to comply with this Order and to show good cause for his failure to**

3   **accomplish service of the summons and complaint as well as for his failure to appear at the**

4   **initial scheduling conference.**

5

6       IT IS SO ORDERED.

7   **Dated:    September 6, 2012                    /s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          4